DECISION.
{¶ 1} In 1986, at knifepoint, defendant-appellant George Orling forced a 17-year-old girl into his car, drove her to a house, and raped her. Orling was convicted of kidnapping[1]
and rape,[2] and sentenced to consecutive five-to-twenty-five-year terms of incarceration.
 {¶ 2} In 2004, with Orling still serving time in prison, the trial court held a sexual-predator hearing and adjudicated Orling a sexual predator. Orling now appeals that adjudication. We affirm.
 {¶ 3} At the sexual-predator hearing, the state presented evidence that Orling had been convicted in Kentucky in 1984 for gross sexual imposition. The victim in that case was also a 17-year-old girl. Other evidence admitted at the hearing included the grand-jury transcript for the rape and kidnapping indictments, the transcript from the rape and kidnapping trial, a victim-impact statement from the rape victim, and a sexual-predator screening instrument.
 {¶ 4} In addition, the court considered a report from the Allen Correctional Institution, where Orling had been incarcerated. The report indicated that Orling had been disciplined for prison rule violations numerous times, including some sexually-related infractions. The report also showed that Orling had not participated in any type of sex-offender treatment since his incarceration.
 {¶ 5} For an offender to be designated a sexual predator, the state must prove by clear and convincing evidence that the offender has been convicted of a sexually-oriented offense and that the offender is likely to engage in the future in one or more sexually-oriented offenses.[3] Clear and convincing evidence is that measure or degree of proof that will produce in the mind of the trier of facts a firm belief or conviction as to the truth of the allegations sought to be established.[4]
 {¶ 6} In making a determination whether an offender is a sexual predator, the trial court shall consider all relevant factors, including, but not limited to, all of the following: (1) the offender's age; (2) the offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses; (3) the age of the victim of the sexually-oriented offense for which sentence is to be imposed; (4) whether the offense involves multiple victims; (5) whether the offender used drugs or alcohol to impair the victim of the sexually-oriented offense or to prevent the victim from resisting; (6) if the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense, and if the prior offense was a sex offense or a sexually-oriented offense, whether the offender participated in available programs for sexual offenders; (7) any mental illness or mental disability of the offender; (8) the nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually-oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse; (9) whether the offender, during the commission of the sexually-oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty; and (10) any additional behavioral characteristics that contribute to the offender's conduct.[5]
 {¶ 7} In this case, the trial court noted that Orling was convicted of rape, which is a sexually-oriented offense, and that Orling had a previous conviction for a sex offense. The court found that Orling's rape of the 17-year-old girl at knifepoint involved cruelty. The court then reviewed Orling's prison record and noted "a fairly lengthy pattern of violations, including a mix of sexually-related offenses and violent offenses while in prison." The court also noted that Orling had not undergone substantial sex-offender treatment. The court concluded, "All of these facts, including the severe violence shown in this particular case, lead me to conclude that there is indeed clear and convincing evidence that Mr. Orling is a sexual predator under the Ohio sexual predator statutes, and I classify him as such."
 {¶ 8} In his single assignment of error, Orling now argues that the trial court's adjudication of him as a sexual predator was against the manifest weight of the evidence and was not supported by sufficient evidence. Where the required degree of proof is clear and convincing evidence, a reviewing court must examine the record and determine whether the trier of fact had sufficient evidence before it to satisfy the requisite degree of proof.[6]
 {¶ 9} We conclude from our review of the record that there was sufficient evidence to support Orling's adjudication as a sexual predator and that the adjudication was not against the manifest weight of the evidence. Prior to his conviction for rape, Orling had been convicted of a sex offense. And in the time since his conviction for rape, he had committed sex-related violations while in prison. This evidence, plus evidence of the violence of the rape Orling committed and his lack of any sexual-offender treatment, satisfies us that the trial court had sufficient evidence before it to support its finding that Orling was a sexual predator.
 {¶ 10} Therefore, we overrule Orling's assignment of error and affirm the trial court's judgment.
Judgment affirmed.
Doan, P.J., and Hildebrandt, J., concur.
[1] R.C. 2905.01.
[2] R.C. 2907.02.
[3] R.C. 2950.01(E)(1); State v. Eppinger, 91 Ohio St.3d 158,163, 2001-Ohio-247, 743 N.E.2d 881.
[4] See Cross v. Ledford (1954), 161 Ohio St. 469, 477,120 N.E.2d 118.
[5] R.C. 2950.09(B)(3).
[6] See Cross v. Ledford, supra.